**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| JAVIER G. G., | Case No. 26-cv-750 (LMP/EMB) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| PAMELA BONDI, *Attorney General*;<br>KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;<br>TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*;<br>DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, | |
| Respondents. | |

Petitioner Javier G. G. is a citizen of Nicaragua who entered the United States in 2002. ECF No. 1 ¶ 12. He was arrested by immigration officers on January 27, 2026, and remains in the custody of United States Immigration and Customs Enforcement. *Id.* ¶¶ 15, 19. He asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *See id.* ¶ 29. Javier G. G. contends that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See id.* He also contends that he is not subject to discretionary detention under 8 U.S.C. § 1226(a) because the Government has not issued Javier G. G. a warrant. *See id.* ¶ 52.

This Court has concluded that the mandatory detention provisions of 8 U.S.C. § 1225(b)(2) do not apply to noncitizens similarly situated to Javier G. G. *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9,

2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). This Court has further held that to the extent such noncitizens are detained pursuant to 8 U.S.C. § 1226(a), the Government must present an administrative warrant to justify their detention. *See Joaquin Q. L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026); *see also* 8 U.S.C. § 1226(a) (stating that a noncitizen "may be arrested and detained" pending removal "[o]n a warrant issued by the Attorney General"). Javier G. G. raises the same legal issues and largely requests the same relief granted in those cases—namely, an order requiring his release or a bond hearing. *See* ECF No. 1 at 14.

This Court will not depart from its reasoning in its prior decisions. Accordingly, **IT IS HEREBY ORDERED** that:

1. The Government is directed to file an answer to Petitioner Javier G. G.'s Petition for Writ of Habeas Corpus (ECF No. 1) on or before Friday, January 30, 2026, certifying the true cause and proper duration of Javier G. G.'s confinement and showing cause why the writ should not issue in this case;

2. The Government's answer must include:

    a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Javier G. G.'s detention in light of the issues raised in his Petition;

    b. A reasoned memorandum of law and fact explaining the Government's legal position on Javier G. G.'s claims;

    c.    The Government's recommendation on whether an evidentiary hearing should be conducted; and

    d.    A good-faith argument as to whether—and if so, why—this matter is *materially* distinguishable, either factually or legally, from *Roberto M. F.*, *Victor Hugo D. P.*, and *Joaquin Q. L.*;

3. If Javier G. G. intends to file a reply to the Government's answer, he must do so on or before Tuesday, February 3, 2026;[1]

4. No further submissions from the parties will be permitted except as authorized by Court order; and

5. The Government is **ENJOINED** from moving Javier G. G. outside of the District of Minnesota during the pendency of these proceedings, so that Javier G. G. may consult with his counsel and participate in this litigation while the Court considers his Petition. If Javier G. G. has been removed from Minnesota, the Government is **ORDERED** to immediately return him to Minnesota.

Dated: January 28, 2026  
Time: 12:22 p.m.

*s/ Laura M. Provinzino*  
Laura M. Provinzino  
United States District Judge

---

[1] The Court reserves the right to grant the Petition before Yousef H. files his reply brief if the Government's answer plainly demonstrates that Yousef H. is entitled to relief.