UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JAVIER G. G., | Case No. 26-cv-750 (LMP/EMB) |
| Petitioner, | |
| v. | **ORDER GRANTING HABEAS PETITION** |
| PAMELA BONDI, *Attorney General*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, | |
| Respondents. | |

---

Kira Aakre Kelley, **Climate Defense Project, Minneapolis, MN**, for Petitioner.

Trevor Brown, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Javier G. G. is a citizen of Nicaragua who entered the United States in 2002. ECF No. 1 ¶ 12. He was arrested by immigration officers on January 27, 2026, and remains in the custody of United States Immigration and Customs Enforcement. *Id.* ¶¶ 15, 19. He asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *See id.* ¶ 29. Javier G. G. contends that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See id.* He also contends that he is not subject to discretionary detention under 8 U.S.C. § 1226(a) because the Government has not issued Javier G. G. a warrant. *See id.* ¶ 52.

This Court has concluded that the mandatory detention provisions of 8 U.S.C. § 1225(b)(2) do not apply to noncitizens similarly situated to Javier G. G. *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). This Court has further held that to the extent such noncitizens are detained pursuant to 8 U.S.C. § 1226(a), the Government must present an administrative warrant to justify their detention. *See Joaquin Q. L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026); *see also* 8 U.S.C. § 1226(a) (stating that a noncitizen "may be arrested and detained" pending removal "[o]n a warrant issued by the Attorney General"). Accordingly, the Court ordered the Government to answer Javier G. G.'s petition by January 30, 2026, "certifying the true cause and proper duration of Javier G. G.'s confinement," including a "good-faith argument as to whether—and if so, why—this matter is materially distinguishable, either factually or legally, from *Roberto M. F.*, *Victor Hugo D. P.*, and *Joaquin Q. L.*" ECF No. 4 at 2–3.

The Government timely responded and concedes that Javier G. G.'s petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided." ECF No. 5. Because nothing distinguishes Javier G. G.'s case from those the Court has previously decided, and because the Government has not presented a warrant that would justify Javier G. G.'s detention under 8 U.S.C. § 1226(a), the Court concludes that Javier G. G.'s is entitled to release from custody.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that:

1. Javier G. G.'s Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2. The Government is **ORDERED** to release Javier G. G. from custody by no later than 5:00 p.m. on Wednesday, February 4, 2026; and

3. The Government is **ORDERED** to file a status report certifying its compliance with this Order by no later than 5:00 p.m. on Thursday, February 5, 2026.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 2, 2026           *s/Laura M. Provinzino*
                                  Laura M. Provinzino
                                  United States District Judge